IN RE: TRS RECOVERY SERVICES, INC., AND TELECHECK SERVICES, INC., FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) LITIGATION.

MDL No. 2426.

United States Judicial Panel on Multidistrict Litigation.

Feb. 7, 2013.

Before JOHN G. HEYBURN II, Chairman, KATHRYN H. VRATIL, W. ROYAL FURGESON, JR., PAUL J. BARBADORO, MARJORIE O. RENDELL, CHARLES R. BREYER, and LEWIS A. KAPLAN, Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:** Pursuant to 28 U.S.C. § 1407, plaintiffs in five actions move for centralization of this litigation in the District of Maine. This litigation currently consists of five actions pending in five districts, as listed on Schedule A. Defendants TRS Recovery Services, Inc., and TeleCheck Services, Inc., support centralization in the District of Maine.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the District of Maine will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The five actions share common factual allegations arising from the allegedly standardized debt collection practices and form communications used by defendants in their process for handling returned checks. All plaintiffs allege that defendants' standardized collection letter (referred to as the RECR3 letter) violates the Fair Debt Collection Practices Act be-

cause it is allegedly incomplete or misleading with respect to the amount of the plaintiff's debt and defendants' rights concerning collection of the debt. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent rulings on class certification and other pretrial matters; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of Maine is an appropriate transferee forum for this litigation. The broadest and most advanced action is pending there, and all parties support centralization in this district. Judge D. Brock Hornby is an experienced transferee judge who we are confident will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Maine are transferred to the District of Maine and, with the consent of that court, assigned to the Honorable D. Brock Hornby for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

### SCHEDULE A

MDL No. 2426 — **IN RE: TRS RECOVERY SERVICES, INC., AND TELECHECK SERVICES, INC., FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) LITIGATION**

*Central District of California*
*Sylvia Greer v. TRS Recovery Services, Inc.*, et al., C.A. No. 2:12–07414

*District of Kansas*
*DellaRina M. Stout v. TRS Recovery Services, Inc.*, et al., C.A. No. 2:12–02561

*District of Maine*
*Jean LaRocque v. TRS Recovery Services, Inc.*, et al., C.A. No. 2:11–00091

*Southern District of New York*
*Joann Bucko v. TRS Recovery Services, Inc.*, et al., C.A. No. 1:12–06607

*Middle District of North Carolina*
*Jamie Cook v. TRS Recovery Services, Inc.*, et al., C.A. No. 1:12–00999